UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JEWELS A. CARDONA,

    Plaintiff,

v.

Case No. 8:22-cv-01821

PORTFOLIO RECOVERY
ASSOCIATES, LLC,

    Defendant.
_____/

## COMPLAINT

Plaintiff JEWELS A. CARDONA ("Plaintiff"), by and through the undersigned, complains as to the conduct of PORTFOLIO RECOVERY ASSOCIATES, LLC ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages under the Fair Debt Collection Practices Act ("FDCPA") pursuant to 15 U.S.C. § 1692 and under the Florida Consumer Collection Practices Act ("FCCPA") pursuant to Florida Statue § 559.55, for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C. § 1692 and 28 U.S.C. §§ 1331 and 1337, as the action arises under the laws of the United States.

3. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. § 1367.

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 as Defendant conducts business, and a substantial portion of the events or omissions giving rise to the claims occurred, within the Middle District of Florida.

## PARTIES

5. Plaintiff is a natural person over 18-years-of-age and at all times relevant, resided in Temple Terrace, Florida, within the Middle District of Florida.

6. Defendant is a third-party debt collector collecting debts from consumers across the country, including from those in the state of Florida. Defendant is a limited liability company organized and existing under the laws of Virginia with its principal place of business located at 120 Corporate Boulevard, Suite 100, Norfolk, Virginia 23502.

7. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSE OF ACTION

8. The instant action arises out of Defendant's attempts to collect upon a purported consumer debt ("subject consumer debt") that Plaintiff does not owe.

9. Upon information and belief, after the subject consumer debt was purportedly in default, it was placed with Defendant for collection purposes.

10. Sometime in 2022, Plaintiff began receiving calls to her cellular phone number (813) XXX-8104 from Defendant, seeking collection of the subject consumer debt.

11. At all times relevant to the instant action, Plaintiff was the sole subscriber, owner, and operator of the number ending in -8104. Plaintiff is, and always has been, financially responsible for the phone and its services.

12. Defendant has primarily used the phone numbers (816) 793-6001 and (866) 545-5974 when placing collection calls to Plaintiff's cellular phone, but upon belief, Defendant has used other phone numbers as well.

13. Upon information and belief, Defendant regularly utilizes the above-referenced phone numbers during its debt collection activity.

14. Upon speaking with one of Defendant's representatives, Plaintiff was informed that Defendant was attempting to collect upon the subject consumer debt.

15. Upon answering such a call, Plaintiff informed Defendant that she did not owe the debt and demanded that Defendant stop calling her.

16. Despite such, Defendant continued to call Plaintiff with harassing and repeated phone calls.

17. Despite Plaintiff's efforts, Defendant has continued to regularly call, seeking payment for the subject consumer debt.

18. Defendant systematically varies the phone numbers it calls from in order to coerce Plaintiff into answering such and making payment on the subject consumer debt.

19. Defendant's collection efforts were designed to harass Plaintiff and squeeze sums of money from a consumer who had otherwise made clear that she did not owe the subject consumer debt and did not want Defendant calling her.

20. Frustrated over Defendant's conduct, Plaintiff spoke with the undersigned regarding her rights, exhausting time, resources, and expenses.

21. Plaintiff has been unfairly and unnecessarily harassed by Defendant's actions.

22. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, invasion of privacy, aggravation that accompanies unwanted collection telephone calls, emotional distress, and numerous violations of Plaintiff's state and federally-protected interests to be free from harassing and abusive debt collection conduct.

**COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**

23. Plaintiff restates and realleges paragraphs 1 through 22 as though fully set forth herein.

24. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

25. Defendant is a "debt collector" as defined by § 1692a(6) of the FDCPA as its regularly uses the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

26. Defendant identifies itself as a debt collector, and is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due, or asserted to be owed or due, to others.

27. The subject consumer debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

    a. **Violations of FDCPA § 1692d**

28. The FDCPA, pursuant to 15 U.S.C. § 1692d, prohibits a debt collector from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."

29. 15 U.S.C. § 1692d(5) further prohibits debt collectors from "causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number."

30. The newly amended Regulation F provides further guidance on what circumstances constitute harassing and oppressive debt collection conduct. 12 C.F.R. § 1006.14(b)(2) provides guidance on when calls are made repeatedly and continuously, and debt collectors are presumed to comply with these provisions if they follow certain guidelines. However, the commentary thereto confirms that this presumptive compliance can be rebutted by several factors, including "[t]he content of a person's prior communications with the debt collector." Examples of prior communications with consumers that can evince an intent to harass through phone calls include calls following a demand that such calls cease, and similarly following a consumer informing a debt collector that they refuse to pay the debt.

31. Additionally, pursuant to 12 C.F.R. § 1006.14(h), a debt collector cannot "communicate or attempt to communicate with a person through a medium of communication if the person has requested that the debt collector not use that medium to communicate with the person."

32. Defendant violated §§ 1692d & 1692d(5), and 12 C.F.R. §§ 1006.14(b)(2) & 1006.14(h), through its harassing and noncompliant collection campaign directed towards Plaintiff. Plaintiff notified Defendant orally that its calls were not welcome and needed to cease. Defendant knew that its continued placement of phone calls would be unwelcome to Plaintiff, yet nevertheless persisted, illustrating its intent to harass Plaintiff through its phone calls. Further, upon becoming aware of Plaintiff's

desire to receive no further collection calls regarding the subject consumer debt, Defendant was obligated to cease utilizing such medium of communication in its efforts to collect the subject consumer debt – however, such calls persisted notwithstanding Defendant's obligation to cease. Defendant engaged in this harassing and noncompliant conduct in an effort to harass and annoy Plaintiff into addressing the subject consumer debt, which she does not owe.

 b.  **Violations of FDCPA § 1692e**

32. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

33. In addition, this section enumerates specific violations, such as:

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. § 1692e(10).

34. Defendant violated §§ 1692e and 1692e(10) when it deceptively continued communicating with Plaintiff through her cellular phone despite Plaintiff having made Defendant aware such communications were unwanted by way of demanding that they cease in calling her. Defendant falsely and deceptively represented its ability to continue such calls since, under the binding regulations, Defendant was precluded from engaging in such conduct. Defendant's deceptive conduct was

7

designed to compel Plaintiff's payment on the debt through undue and deceptive means.

### c. Violations of FDCPA § 1692f

35. The FDCPA, pursuant to 15 U.S.C. § 1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

36. Defendant violated § 1692f when it unfairly and unconscionably attempted to collect on a debt by continuing to call Plaintiff's cellular phone despite the nature of the conversations between the parties.

WHEREFORE, Plaintiff, JEWELS A. CARDONA, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3);

e. Enjoining Defendant from further contacting Plaintiff seeking payment of the subject debt; and

f. Awarding Plaintiff any other relief as this Honorable Court deems equitable and just.

## COUNT II – VIOLATIONS OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT

37. Plaintiff restates and realleges paragraphs 1 through 36 as though fully set forth herein.

38. At all times relevant to this Complaint, Plaintiff, was and is a natural person and is a "consumer" as defined by Florida Statute § 559.55(8).

39. At all times relevant to this action Defendant is subject to and must abide by the laws of the state of Florida, including Florida Statute § 559.72.

40. At all times relevant to this Complaint, Defendant was and is a "person" as said term is defined under Florida Statute §1.01(3) and is subject to the provisions of Fla. Stat. § 559.27 because said section applies to "any person" who collects or attempts to collect a consumer debt, as defined by Fla. Stat. §§559.72 and 559.51(1).

41. At all times material hereto, the subject consumer debt in question was a "consumer debt" as said term is defined under Florida Statute § 559.55(6).

42. A person violates § 559.72(7) of the FCCPA when it willfully communicates with the debtor with such frequency as can reasonably be expected to harass the debtor, or willfully engages in other conduct which can reasonably be expected to abuse or harass the debtor.

43. Defendant violated § 559.72(7) of the FCCPA when it placed repeated harassing telephone calls to Plaintiff after Plaintiff demanded that Defendant stop

calling her. Defendant ignored Plaintiff's request and continued to place numerous harassing phone calls to Plaintiff's cellular phone.

44. Defendant's actions show that it was their specific goal to harass and annoy Plaintiff enough to induce her into making a payment, even after Plaintiff demanded that such phone calls from Defendant cease.

45. This repeated behavior of systematically calling Plaintiff's phone, despite her demands, to collect a debt was harassing and abusive. Such contacts were made with the hope that Plaintiff would succumb to the harassing behavior and ultimately make a payment. The nature and volume of phone calls, especially after Plaintiff demanded that the calls stop, would naturally cause an individual to feel oppressed.

46. Plaintiff told Defendant that its calls to her cellular phone were not welcomed and were therefore inconvenient. As such, Defendant contacted Plaintiff at times and places which were inconvenient to Plaintiff to harass and abuse her.

WHEREFORE, Plaintiff, JEWELS A. CARDONA, requests that this Honorable Court enter judgment in her favor as follows:

a. Entering judgment in Plaintiff's favor and against Defendant;

b. Awarding Plaintiff actual damages in an amount to be determined at trial, pursuant to the Florida Consumer Collection Practices Act, Fla. Stat. §559.77;

c. Awarding Plaintiff statutory damages of $1,000.00 pursuant to the Florida Consumer Collection Practices Act, Fla. Stat. §559.77;

    d. Awarding Plaintiff equitable relief including enjoining Defendant from further violations, pursuant to Florida Consumer Collection Practices Act, Fla. Stat. §559.77(2);

    e. Awarding Plaintiff costs and reasonable attorneys' fees pursuant to the Florida Consumer Collection Practices Act, Fla. Stat. §559.77;

    f. Enjoining Defendant from further contacting Plaintiff seeking payment of the subject consumer debt; and

    g. Awarding Plaintiff any other relief as this Honorable Court deems equitable and just.

**Plaintiff demands trial by jury.**

Dated: August 10, 2022                                                     Respectfully Submitted,

                                                                                   */s/ Franklin A. Jara*
                                                                                   Franklin A. Jara, Esq.
                                                                                   Florida Bar No. 636681
                                                                                   *Counsel for Plaintiff*
                                                                                   Sulaiman Law Group, Ltd
                                                                                   2500 South Highland Avenue
                                                                                   Suite 200
                                                                                   Lombard, IL 60148
                                                                                   Telephone: (331) 272-8010
                                                                                   fjara@sulaimanlaw.com